# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JAIME LUEVANO,

    Plaintiff,

v.                                                                                                       No. CIV 10-0463 JB/ACT

EL PASO TEXAS CORRUPTIONS,
GOV. WILLIAM RICHARDSON,
U.S. DISTRICT JUDGES OF EL PASO, TEX.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff Jaime Luevano's Complaint Under 42 U.S.C. § 1983, filed May 7, 2010 (Doc. 1). Luevano is incarcerated and appears *pro se*. By Order, filed June 14, 2010 (Doc. 5), the Court directed Luevano to cure certain filing deficiencies. Further review of the file reveals that Luevano's Complaint includes one page of a motion for leave to proceed *in forma pauperis* ("IFP"). See Complaint at 2. The Court will quash the order to cure deficiency as moot and will grant Luevano leave to proceed IFP. For the reasons stated below, however, the Court will dismiss some of Luevano's claims against Defendant Gov. William Richardson with prejudice and dismiss the remainder of his claims without prejudice for lack of venue.

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The Court also may dismiss a complaint *sua*

*sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)(quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing Luevano's *pro se* Complaint, the Court applies the same legal standards applicable to pleadings that counsel draft, but liberally construes the factual allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

This Complaint is the second one that Luevano, who is incarcerated in El Paso, Texas, has filed in the United States District Court for the District of New Mexico.  In his earlier action, Luevano v. Richardson, et al., No. CV 08-0781 WJ/KBM, Luevano alleged that he had been denied access to all courts in Texas, and his life had been put in danger, because he had threatened to "expose more enterprise corruptions conspiracies."  In addition, sheriff's officers attempted to "get away with their corruptions" by falsely stating that Luevano was under suicide watch.  The Honorable William P. Johnson, United States District Judge for the District of New Mexico, dismissed the prior complaint for failure to state a claim.

Luevano's current Complaint alleges another large conspiracy in El Paso to plant evidence and to commit perjury to obtain a false indictment, and to give Luevano a life sentence on a criminal conviction.  In his Motion to Amend for More Violations, filed June 14, 2010 (Doc. 6), Luevano alleges that he has been subjected to retaliation and denied medical treatment.  In another motion, Luevano asks the Court to substitute gubernatorial candidate Susanna Martinez for Defendant Gov. William Richardson.  See Motion for Substitute to New Gov. Susanna Martinez [sic], filed

June 4, 2010 (Doc. 4). For relief, the Complaint seeks appointment of counsel and an investigation.

The Court may not grant relief on Luevano's allegations. First, the doctrine of *res judicata* bars claims against Richardson that arose before his previous complaint. "Claim preclusion requires: (1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits." Yapp v. Excel Corp., 186 F.3d 1222, 1226 (10th Cir. 1999). See Clark v. Haas Group, Inc., 953 F.2d 1235, 1239 (10th Cir. 1992). Luevano has already raised what appear to be these same claims against Richardson in his prior suit before Judge Johnson. Judge Johnson's dismissal of Luevano's prior Complaint for failure to state a claim is a dismissal on the merits. See State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 518 n.8 (10th Cir. 1994)("A ruling that a party has failed to state a claim on which relief may be granted is a decision on the merits with full res judicata effect.'")(quoting Winslow v. Walters, 815 F.2d 1114, 1116 (7th Cir. 1987)). Luevano's claims against Richardson, which he did or could have raised in Luevano v. Richardson, et al., No. CV 08-0781 WJ/KBM, are thus precluded by *res judicata*. See Pelt v. Utah, 539 F.3d 1271, 1281 (10th Cir. 2008)("Pursuant to the doctrine of *res judicata* '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'")(quoting Wilkes v. Wyo. Dep't of Employment Div. of Labor Standards, 314 F.3d 501, 503-04 (10th Cir. 2002)). The remainder of his claims, however, are not precluded.[1]

---

[1] The Court notes that the doctrine of collateral estoppel is also inapplicable to any new claims Luevano raises and to his claims against new Defendants. First, collateral estoppel requires that the issues in the prior and current suits be identical. See Moss v. Kopp, 559 F.3d 1155, 1161 (10th Cir. 2009)("Collateral estoppel will bar a claim if four elements are met: (1) the issue previously decided is identical with the one presented in the action in question, . . . .")(emphasis added). Because Luevano is asserting his factual allegations against different individuals, even if the allegations themselves are similar to those previously raised, his Complaint in this case will raise some issues that are not identical to those resolved in Luevano v. Richardson, et al., No. CV 08-0781

Second, it appears that the events about which the Luevano complains occurred in Texas. In addition, most of the Defendants allegedly responsible for these violations -- all of them except Richardson and Martinez -- appear to be citizens of Texas. Venue of these claims is thus improper in this district. The relevant general venue statute states:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). See Kelly v. Martin, No. 95-6271, 1996 WL 88457, at **2 (10th Cir. Mar. 1, 1996); Flanagan v. Shively, 783 F. Supp. 922, 935 (M.D. Pa.), aff'd, 980 F.2d 722 (3d Cir. 1992); Robinson v. Love, 155 F.R.D. 535, 536 n.1 (E.D. Pa. 1994). Because some Defendants appear to reside in Texas, and others in New Mexico, application of subsection (1) is inappropriate. Under subsection (2), however, an appropriate venue would be "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Luevano's incarceration, about which he complains, is occurring in El Paso and he appears to be complaining of a wrongful conviction that likewise occurred in or near El Paso. More importantly, there is no allegation that any event, much less a substantial part of such events, occurred in the District of New Mexico.[2] The Court concludes that venue is inappropriate in the District of New Mexico; it is

---

WJ/KBM. Application of collateral estoppel under these circumstances would be inappropriate.

[2] The only arguable claim of conduct is New Mexico is that, according to Luevano, Richardson -- whom was presumably in New Mexico at the time -- "never reply [sic] back to any notice CV-08-781 WJ/KBM" and "fail [sic] to reply to any notice 1:08-CV-00781." Complaint at 3. If Luevano's statement is a cognizable allegation of an act or omission, given the lack of any allegation connecting Richardson to the conspiracies of which Luevano complains, the Court does not believe that such act or omission was substantial for venue purposes under 28 U.S.C. § 1391.

appropriate, however, in the Western District of Texas, where Luevano is currently incarcerated.[3]

Under these circumstances, the Court may dismiss these claims or transfer them to the Western District of Texas *sua sponte*. See 28 U.S.C. § 1406(a)("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.")(emphasis added); Kelly v. Martin, 1996 WL 88457, at **2; Yellen v. Cooper, 828 F.2d 1471, 1474-76 (10th Cir. 1987); Robinson v. Love, 155 F.R.D. at 536 n.1. The United States Court of Appeals for the Tenth Circuit has suggested that it is error to dismiss a suit under 28 U.S.C. § 1406 without considering the propriety of transferring the suit to an appropriate district. See Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). Factors that district courts in these circumstances should consider in determining whether transfer is the more appropriate route include: (i) the likelihood that the new action will be barred by the statute of limitations; (ii) whether the claims are likely to have merit; and (iii) whether the action was filed in good faith or was filed in a venue the defendant should have realized was improper. See Trujillo v. Williams, 465 F.3d at 1223 n.16.

The Court finds that the interest of justice will not be substantially advanced by a transfer of Luevano's claims rather than dismissal without prejudice. First, the harms Luevano alleges appear to be ongoing, and he has given the Court no basis upon which to believe that the statute of limitations is likely to run on his claims. Second, the Court is skeptical of Luevano's ability to state a viable claim based on the insufficiency of his Complaint as it now exists. His allegations are too

---

[3] Because the Court concludes that the Western District of Texas is an appropriate venue under 28 U.S.C. § 1391(b)(2), it shall not resort to an analysis under § 1391(b)(3), which applies only "if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

vague. For example, he asserts that the District Clerk Gilbert Sanchez "set-up the jury panel," that the judges are co-conspirators in some conspiracy, and that the indictment was fabricated. His factual allegations would likely not stand up to scrutiny under Bell Atl. Corp. v. Twombly. Furthermore, the District of New Mexico would not be an appropriate venue for Luevano's claims, which allege wrongdoing in El Paso. A district court in Texas would be a more appropriate venue. Luevano appears to be trying to avoid the El Paso federal courts. Moreover, Luevano is proceeding *in forma pauperis*, and thus will not be sacrificing his filing fee if the Court elects to dismiss rather than transfer Luevano's Complaint. Because all of the factors weigh in favor of dismissing Luevano's claims, rather than transferring, the Court will dismiss Luevano's remaining claims without prejudice to him re-filing them in an appropriate venue.[4]

**IT IS ORDERED** that (i) the order to cure deficiency (Doc. 5) is quashed as moot; (ii) Plaintiff Jaime Luevano is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915; (iii) the initial partial payment is waived; (iv) Luevano's claims against Defendant Gov. William Richardson based on events that occurred after his prior complaint are dismissed without prejudice;

---

[4] Luevano may not be able to obtain personal jurisdiction over Richardson if he files suit in a Texas district court, but the Court does not believe that puts him in any worse position than if his suit were to remain in New Mexico. In New Mexico, it is equally likely that Luevano would be unable to obtain personal jurisdiction over the other Defendants, especially in light of the fact that Luevano has made no allegations of the other Defendants' connections to, or conduct in, New Mexico. Moreover, the Court does not believe the likelihood of obtaining personal jurisdiction over Richardson in Texas is a factor that should weigh in its interest-of-justice calculus, because Luevano's personal-jurisdiction problem will remain whether the Court transfers the case to the Western District of Texas or dismisses it. One way or another, the case is improper in this Court. Finally, Luevano's inability to get personal jurisdiction over all Defendants in New Mexico or Texas does not, under 28 U.S.C. § 1391(b)(3), render venue appropriate in either or both states. See, e.g., Doctor's Assocs., Inc. v. Stuart, 85 F.3d 975, 983 (2d Cir. 1996)(stating that the venue statute's fall-back provisions "do[] *not* mean that venue is improper in one district merely because there is another equally appropriate district in which the defendants are subject to personal jurisdiction at the time the action is commenced.").

(v) Luevano's remaining claims are dismissed without prejudice; and (vi) judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Jaime Luevano
El Paso, Texas

    *Plaintiff pro se*